UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| _____ ) | | |
| MICHAEL MARCHAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-10433-LTS |
| | ) | |
| TOWN OF HAMILTON, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____) | | |

ORDER ON PLAINTIFF'S MOTION FOR CLARIFICATION.

June 10, 2010

SOROKIN, M.J.

        The Plaintiff has moved for clarification of several aspects of the Court's Order of March

26, 2010. (Docket # 85).  The Motion is ALLOWED to the extent that the Court provides the

clarification set forth below.

        The waiver which the Court upheld in its Order of March 26th was a general waiver of

the attorney-client privilege as to communications concerning Marchand for the time period

relevant to this litigation, and made by and between Brewer and the Town, and Brewer and all

other third parties.  The waiver, therefore, is not limited to the four corners of the documents

produced at the time of the waiver.  However, Brewer's communications (whether oral or

written) may nonetheless be protected from disclosure by other circumstances, such as a proper

assertion of attorney-client privilege by another attorney involved in the communication, a

proper assertion of attorney work product doctrine, or by properly-invoked protections available to executive sessions of the Board of Selectmen.  The waiver of the Brewer attorney-client privilege does not trump these separate protections.

Regarding the disputed emails by and between members of the Board of Selectmen, the Defendants have produced those emails to the Court for an in camera review.  The Court rejects the Plaintiff's contention that the Open Meeting Law prohibits the Defendants' invocation of the attorney-client privilege, or attorney work product doctrine, with respect to email exchanges involving a quorum of the Board of Selectmen.

The Town would be well-served to take note of the fact that the Open Meeting Law's definition of "deliberation" has been amended (effective July 1, 2010) to include "an oral or written communication through any medium, including electronic mail, between or among a quorum of a public body on any public business,"excluding the distribution of materials, "provided that no opinion of a member is expressed," a definition which would encompass many of the emails reviewed by the Court, if applied retroactively. See M.G.L. c. 30A § 18, added by St.2009, c. 28, § 18, eff. July 1, 2010; District Attorney for Northern Dist. v. School Committee of Wayland, 455 Mass. 561, 571, n. 6 (2009).

The definition of "deliberation" applicable to the events of this case, however, contemplated "a verbal exchange among a quorum of members of a governmental body attempting to arrive at a decision on any public business within its jurisdiction." M.G.L. c. 39, § 23A (emphasis added).  The Court is satisfied that although some otherwise-privileged emails were among a quorum of the Board of Selectmen and some of those contained written remarks by board members, the emails nevertheless did not reflect an attempt to arrive at a decision about

any public business, and did not reflect any intentional or bad faith effort to circumvent the provisions of the Open Meeting Law.[1]  Accordingly, in each case, valid assertions of privilege or attorney work product doctrine merit protection, despite the circulation of emails among a quorum of board members.

After reviewing all of the emails, the Court ORDERS that the Defendants shall produce the following emails to the Plaintiff, which are not protected by attorney-client privilege, or attorney work product doctrine.[2]

| Date/Time | Defendants' Bates  No. | Originating email address |
|---|---|---|
| 12/11/08, 6:15 p.m. | 000577 | cwheeler@hamiltonma.gov |
| 11/13/08, 10:53 a.m. | 000640 | WFBEsq@aol.com |
| 10/6/08, 4:56 p.m. | 000720 | WFBEsq@aol.com |

---

[1]  The Court notes that its decision does not depend upon the fact that emails are not verbal exchanges, but that this issue was nevertheless unsettled in the relevant time frame.  Prior to the SJC's decision in the 2009 Wayland case, no appellate court had construed the Open Meeting Law to apply to telephonic or email communications.  Although the Attorney General had opined in its Open Meeting Law Guidelines that telephonic and email deliberations violated the Open Meeting Law, it cited only to a single trial court ruling concerning telephonic communications, and cited no authority for its interpretation concerning email. See Open Meeting Law Guidelines, Commonwealth of the Massachusetts Office of the Attorney General, pp. 17-18, available at http://www.mass.gov/Cago/docs/Government/openmtgguide.pdf. Compare 39 Mass. Prac., Administrative Law & Practice § 1415, n. 1 ("While not entirely free from doubt, it would appear that a telephone call under appropriate circumstances might be regarded as a "corporal convening"—that is, a coming together of the body  .  .  . particularly if a final agreement was reached on any matters of official business").  In any event, the guidelines stated that it was a violation to email messages "that amount to deliberation on business," and the Court has determined that the emails reviewed do not so qualify under applicable definitions.

[2]  The Court has analyzed each email separately, and here orders produced only the emails listed, excluding any attachments, and excluding any emails which are part of the same chain (i.e., forwarded emails, or emails to which the author replies) unless also specifically listed herein.

3

| 9/19/08, 3:46 p.m.[3] | 000735 | cwheeler@hamiltonma.gov |
|---|---|---|
| 10/2/08, 1:24 p.m. | 000740 - 000742 | sjl@structuredsolutions.biz |
| 9/30/08, 9:44 a.m. | 000756 | cwheeler@hamiltonma.gov |
| 7/21/08, 12:21 p.m. | 000932 | jweston@hamiltonma.gov |
| 7/10/08, 9:01 a.m. | 000980, 000982 | RichardLow@aol.com |
| 6/17/08, 8:44 a.m. | 001023 | cynthia@essexregional.com |
| 6/16/08, 5:14 p.m. | 001023 - 001024 | cwheeler@hamiltonma.gov |
| 6/16/08, 4:11 p.m. | 001024 | cynthia@essexregional.com |
| 6/16/08, 4:01 p.m. | 001024 - 001025 | cwheeler@hamiltonma.gov |
| 5/6/08, 2:17 p.m. | 001103 | WFBEsq@aol.com |
| 5/6/08, 12:52 p.m. | 001103, 001106 | cwheeler@hamiltonma.gov |
| 5/6/08, 1:05 p.m. | 001103, 001106 | dcarey6@comcast.net |
| 6/11/08, 4:29 p.m. | 001058, 001059 | cwheeler@hamiltonma.gov |
| 6/11/08(?) [4] | 001059 | Sgt. Don Dupray |
| 1/31/08, 1:16 p.m. | 001163 | cwheeler@hamiltonma.gov |
| 1/30/08, 9:54 p.m. | 001163 | jackmcopa@aol.com |
| 1/30/08, 8:59 p.m. | 001163 - 001164 | jsandulli@sandulligrace.com |
| 1/30/08, 6:04 p.m. | 001164 - 001165 | jackmcopa@aol.com |
| 1/30/08, 5:54 pm | 001165 | cwheeler@hamiltonma.gov |

---

[3] The Court recognizes that by analyzing each email separately, it may be addressing herein emails which have already been provided to the Plaintiff, or which are not responsive to his discovery requests. For example, the email of 9/19/08 here ordered produced is not separately addressed within the Defendants' privilege log, and may not be disputed by the Parties. This Order applies only in the event an email listed is responsive to a discovery request, and if that email has not previously been provided.

[4] This email was sent in response to the email of 6/11/08, 4:29 p.m. The author's email address was not captured when the recipient responded.

| 1/4/08, 9:58 a.m. | 001233 | WFBEsq@aol.com |

The Defendants need not produce any disputed emails not listed in the preceding table.

The Clerk shall produce a docket entry containing a sealed exhibit consisting of the documents

reviewed in camera.

SO ORDERED,

_____/s / Leo T. Sorokin_____
UNITED STATES MAGISTRATE JUDGE