UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICHAEL MARCHAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-10433-LTS |
| | ) | |
| TOWN OF HAMILTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON PLAINTIFF'S MOTION TO AMEND

February 9, 2011

SOROKIN, U.S.M.J.

The Plaintiff moves to amend his Complaint in order to: (1) correct typographical errors as well as certain factual inaccuracies which came to light in the course of discovery; (2) add a claim for violation of M.G.L. c. 39, §23B, the Open Meeting Law; (3) reassert and revise his claims for intentional interference with contractual relations and advantageous business relations; (4) dismiss claims against Defendants Dupray, Shaw and the Hamilton Police Benevolent Association; (5) add claims against a new Defendant, Robert Bullivant; and (6) re-assert claims brought against Defendants Bowler and Brewer pursuant to 42 U.S.C. § 1985, which he previously dismissed voluntarily.  Docket # 103;  See also Docket # 66.  His motion is ALLOWED IN PART and DENIED IN PART.

1

Standard of Review

Fed. R. Civ. P. 15(a)(2) provides that leave to amend a pleading "shall be freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The First Circuit has often described this standard as reflecting the "liberal" amendment policy underlying Rule 15. O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 154 (1st Cir.2004). Reasons for denying leave to amend include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment. U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir.2009) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Local Rule 15.1 provides that, "[a]mendments adding parties shall be sought as soon as an attorney reasonably can be expected to have become aware of the identity of the proposed new party." L.R. 15.1.

However, the First Circuit has noted that once a Rule 16 scheduling order is in place (as is the case here),[1] then the appropriate standard for analysis of a motion to amend is no longer the liberal "freely given" standard of Rule 15(a), but rather the more demanding "for good cause" standard of Rule 16(b). Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir.2004) (citing

---

[1] A Rule 16 Scheduling Order issued in this case on September 11, 2009. The Parties joint scheduling proposal (adopted by the Court) appears to have contemplated amendment of the pleadings without specific time limitation in accord with Fed. R. Civ. P. 15. (See Docket # 53 at 4). Such an agreement is not permitted, however, as the Court is required by Rule 16 to "limit the time to join other parties, amend the pleadings, complete discovery and file motions." Fed. R. Civ. P. 16(b)(3)(A). The deadline for amendment of the pleadings, therefore, was at the latest March 31, 2010, the date set for filing of dispositive motions. See Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir.2004) ("Where the motion to amend is filed after the opposing party has timely moved for summary judgment, a plaintiff is required to show "substantial and convincing evidence" to justify a belated attempt to amend a complaint"). All deadlines in the scheduling order have long since run and only the deadline for completion of fact discovery has been extended by motion.

O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 154-155 (1st Cir.2004)). "The purpose of limiting the period for amending the pleadings is to assure 'that at some point both the parties and the pleadings will be fixed.'" Id., 357 F.3d at 154 (quoting "Advisory Committee Notes to the 1983 Amendments to Fed. R. Civ. P. 16(b)"). "The Rule does recognize, however, that the parties will occasionally be unable to meet these deadlines because scheduling order deadlines are established relatively early in the litigation. Therefore, the court may extend a scheduling order deadline on a showing 'of good cause if the [deadline] cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (citing Fed. R. Civ. P. 16(b)). The Rule 16(b) standard places greater scrutiny on the plaintiff's lack of diligence than on prejudice to a party opponent. Steir, 383 F.3d at 12. "Regardless of the context, the longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." Id. (citing Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 52-53 (1st Cir.1998)).

With the exception of three Defendants (namely, the proposed new Defendant Bullivant, along with Defendant Brewer and the previously-dismissed Defendant Bowler), the Defendants have made no objection to Marchand's motion to amend. The Motion to Amend is therefore ALLOWED IN PART on that basis, to the extent that it seeks to (1) correct typographical errors as well as certain factual inaccuracies which came to light in the course of discovery; and (2) to dismiss claims against Defendants Dupray, Shaw and the Hamilton Police Benevolent Association.

The Motion is however DENIED in all other respects. The Plaintiff has not demonstrated

good cause under Rule 16(b) to amend the pleadings at this late date, because the protracted delay in bringing the amendments imposes undue burdens on the Defendants (as described _infra_) as well as the Court, which has an interest in the timely resolution of this dispute which the Parties initially contemplated trying to a jury in the summer of 2010.

Moreover, even under the more liberal Rule 15(a) standard, the proposed amendments would be unduly prejudicial to the proposed new Defendant Bullivant, as well as to the previously dismissed Defendant Bowler. The proposed amendments as to Bullivant, Bowler and Brewer are also futile, because they fail to state claims upon which relief may be granted.

This case was filed in March, 2009, and discovery has been conducted for more than seventeen months, with by one count twenty-six days of depositions completed (comprising the depositions of Marchand, all of the Defendants, and numerous fact witnesses). Marchand deposed Bowler more than fourteen months ago. The facts which are alleged to support the revived claims against Defendant Brewer are either substantially the same facts which were contained in the original complaint, or else were largely known to Marchand by approximately June, 2010, at which time the Court resolved extensive discovery disputes between the Parties concerning these factual allegations. Marchand's assertion that he was unaware of the factual bases of the claims until well after the complaint was filed in March, 2009, is insufficient to justify their assertion now, at the close of discovery. Tellingly, Marchand asserts in response to the Defendants' objections that he delayed his amendments due to his desire to depose all of the principals before amending the Complaint. See Docket # 115-1 at 7. His obligation under the rules, however, is otherwise – not to receive as much discovery as he can while simultaneously foreclosing his opponents' opportunity to do the same, but rather to make defendants and

proposed defendants aware of the nature of the claims against them as soon as he can reasonably have been expected to become aware of them, so that they may be on notice of the claims made against them in time to defend against them, and so that the Court may resolve the claims in a reasonable period of time. See L.R. 15.1; Steir, 383 F.3d at 12.

Fact discovery is now closed (with the limited exception of some additional deposition of Marchand and a deposition of one Town employee, which are to be completed by February 22, 2011). Bullivant has never been a party to this action, and has not taken part in discovery, nor has he been represented at any deposition other than his own. Bowler was dismissed from the case via Rule 12 motion, and has also not participated in discovery, nor been represented at any deposition other than his own, which occurred approximately fourteen months ago. Brewer has been represented throughout the case but more than fifteen months ago, the Court dismissed claims advanced against her pursuant to 42 U.S.C. § 1983 and the Massachusetts Civil Rights Act, as well as common law claims for intentional interference with a contractual relationship and interference with advantageous business relations. See Docket # 66. Marchand's assertion that these Defendants are not prejudiced by the proposed amendments at this late date, adding new claims, or reviving dismissed claims on new theories, or new factual bases, is incorrect.

If the Court permitted the new claims to proceed, Bowler, Bullivant and Brewer are then entitled to a full and fair opportunity to conduct the necessary discovery to prepare their cases. To reopen discovery at this point and to delay the proceedings as to all other parties, as well as to the delay the ultimate resolution of this matter, is not warranted. All of the foregoing reasons suffice to DENY the Motion.

In addition, the actual claims Marchand advances suffer from deficiencies also warranting

denial of the Motion. Marchand's proposed additional claim for violation of M.G.L. c. 39, §23B, the Open Meeting Law (Count IX, directed against Bowler and Bullivant, inter alia), fails to state a claim. See Docket # 103-1 at ¶¶ 158 ff. There is no private cause of action available to Marchand for violation of the Open Meeting Law (as the Plaintiff himself concedes in the proposed First Amended Complaint). See Docket # 103-1 at ¶ 134 ("no adequate remedy at state law exists for a violation of the Open Meeting Law"). "The Massachusetts open meeting law, Mass. Gen. L. ch. 39, § 23B, does not permit an individual plaintiff (or two) to file a private cause of action to enforce its provisions." Schultz v. Kelly, 188 F.Supp.2d 38, 56 (D.Mass.2002) (Ponsor, J.) (citing Vining Disposal Service, Inc. v. Bd. of Selectmen of Westford, 416 Mass. 35 (1993)). Marchand has cited no authority, beyond his own conclusory assertion, that a claim for damages for a violation of the statute differs from an enforcement action such that the statute creates a private right of action for monetary damages on behalf of a single individual.[2]

Count III of the proposed Amended Complaint seeks to add a claim against Bullivant pursuant to 42 U.S.C. § 1983 for violation of Marchand's rights to procedural due process. See

---

[2] Proposed Defendant Bullivant's stated refusal to consent to the jurisdiction of the undersigned United States Magistrate Judge is premature. As he is not yet a party to the action, and all existing parties have consented, the undersigned has the authority to determine whether to allow the motion to amend the Complaint (a motion which is, in any event, non-dispositive). See Pagano v. Frank, 983 F.2d 343, 346 (1st Cir.1993) ("Under ordinary circumstances a motion to amend a complaint is "a pretrial matter not dispositive of a claim or defense of a party"). If the Court allowed the motion to amend in its entirety, then at the point Bullivant was served with the Amended Complaint, he would become a Party and he could elect to consent, or not, to the exercise of jurisdiction by a Magistrate Judge over all proceedings in the case. See, e.g., Neals v. Norwood, 59 F.3d 530, 532 (5th Cir.1995) (unserved defendants are not "parties" and their lack of consent does not deprive a magistrate judge of jurisdiction).

Docket # 103-1 at ¶¶ 125 ff.[3] Marchand alleges that Bullivant (and the other Selectmen, who have not opposed the motion to amend)[4] violated his due process rights and deprived him of his property right in his employment and his liberty interest in his reputation by violating the Open Meeting Law and by improperly investigating complaints of police misconduct (by permitting Defendants Brewer, Wallace and Hatfield to investigate charges against Marchand). Id.

The Court has previously dismissed a claim based on deprivation of Marchand's liberty interest on due process grounds for the stigma associated with false charges, and the deficiencies in this theory of liability have not abated simply because the claim has been asserted against new defendants. See Docket # 66 at 8-11. (concluding that Marchand's allegations did not implicate a protected liberty interest, and that the Defendants would in any event be protected by qualified immunity). The alleged violations of the Open Meeting Law (the addition of which differentiates this claim from that in the original complaint) are not of constitutional dimension. He does not allege that the alleged violation of the Open Meeting Law arose from an underlying violation of federal law, e.g., discrimination on the basis of race. Rather, he alleges only that the failure to comply with the Open Meeting Law violated his federal right to due process of law. The mere violation of state law is not of federal constitutional dimension. Fournier v. Reardon,160 F.3d 754, 757 (1st Cir.1998) (quoting Martinez v. Colon, 54 F.3d 980, 989 (1st Cir.1995)) ("Although

---

[3] This claim is similar to Count V of the Original Complaint, but it is directed at entirely new individual defendants (the members of the Board of Selectman) and has a slightly different factual emphasis.

[4] Bullivant has not made specific reference to the claim advanced against him in Count III in his opposition to the motion to amend and appears to have simply overlooked it. See Docket # 108 at 1 ("the proposed amendment seeks to add a single, futile claim," i.e., that in Count IX). Bullivant's arguments concerning undue delay nevertheless apply with equal force to the claim not addressed by him.

it is true that constitutional significance may attach to certain interests created by state law, not every transgression of state law does double duty as a constitutional violation . . . '[T]he Constitution is not an empty ledger awaiting the entry of an aggrieved litigant's recitation of alleged state law violations"). This claim is futile because it does not state a claim, and because if it did, the Defendants would in any event be entitled to qualified immunity. The Motion to Amend is DENIED with respect to the proposed Count III, as to all proposed defendants.

Marchand also proposes to add a claim directed against Bowler and Brewer for conspiracy to violate his federal constitutional rights, pursuant to 42 U.S.C. § 1983 (Count IV). Although this claim is based upon an entirely different factual premise than that which was previously dismissed (a conspiracy to violate the Open Meeting Law between Brewer and Bowler now being alleged, as opposed to the conspiracy between Bowler and certain police officers to deprive him of his interest in his duties as police prosecutor), the new claim nevertheless suffers from the same pleading deficiencies. For a conspiracy to be actionable under § 1983, Marchand must prove that there has been an agreement and an actual deprivation of a right secured by the Constitution and laws of the United States. Earle v. Benoit, 850 F.2d 836, 844 (1st Cir.1988) (citing Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir.1980)(The gist of the [section 1983] cause of action is the deprivation and not the conspiracy . . . [c]onspiracy is merely the mechanism by which to obtain the necessary state action . . . or to impose liability on one defendant for the acts of the others performed in pursuance of the conspiracy) (internal citations omitted)). Here, Marchand posits a conspiracy to do something (violate the Open Meeting Law) which is not itself a federal right. This proposed amendment is also futile.

Likewise, the common law claims for which Marchand now seeks to resuscitate against Brewer for intentional interference with a contractual relationship (Count XVI) and interference with advantageous business relations (Count XVII) are futile.  To survive a motion to dismiss under Rule 12(b)(6), which is the same analysis the Court conducts in assessing futility, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir.1997)(quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir.1988) (internal quotation marks omitted). The Court's assessment of the pleadings is "context-specific," requiring "the reviewing court to draw on its judicial experience and common sense." Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir.2009)(quoting Iqbal, 129 S.Ct. at 1949). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief." Id.

Marchand's claim for interference with advantageous business relations requires proof that (1) he had an advantageous employment relationship with the Town; (2) Brewer knowingly induced the Town to break that relationship; (3) Brewer's interference, in addition to being intentional, was improper in motive or means; and (4) Marchand was harmed by Brewer's actions.  Weber v. Community Teamwork, Inc., 434 Mass. 761, 781 (2001).  Brewer's alleged actions in 2006 in directing Officer Wallace to investigate Marchand's alleged misconduct are

simply too factually attenuated from Marchand's alleged constructive discharge in 2010 (triggered by the spectre of disciplinary charges related to his alleged residence in Florida while on disability status) to support liability. The same difficulties underlie the claim against Brewer for intentional interference with contractual relationship, which Marchand recognizes require proof that Brewer induced the Town to break its contract with Marchand. Docket # 115-1 at 10. The allegations of constructive discharge in the proposed Amended Complaint do not come close to plausibly supporting liability against Brewer on these common law claims. Moreover, as was the case when this claim was dismissed previously, there are no facts alleged in the Complaint supporting the conclusion that the Collective Bargaining Agreement was breached.

CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Amend (Docket # 103) is ALLOWED IN PART and DENIED IN PART. The Plaintiff may file an Amended Complaint in conformity with this Order, correcting typographical errors as well as certain factual inaccuracies which came to light in the course of discovery; and dismissing claims against Defendants Dupray, Shaw and the Hamilton Police Benevolent Association. The Motion is otherwise DENIED. The Motion for Leave to File a Response (Docket # 115) is ALLOWED.

      /s/ Leo T. Sorokin
      Leo T. Sorokin
      United States Magistrate Judge